**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 07-12279
HON. DENISE PAGE HOOD

JACQUELINE HILL,

    Defendant.
_____/

**ORDER DENYING OBJECTION TO CONTINUING GARNISHMENT/MOTION TO SET ASIDE DEFAULT JUDGMENT**

On July 18, 2017, Defendant Jacqueline Hill requested a hearing on the Government's Application for Writ of Continuing Garnishment. A hearing on that matter was held on August 3, 2017. For the reasons stated below, the Court construes Defendant's request as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 55(c) and denies Defendant's Motion to Set Aside the Default Judgment and objection to the continuing garnishment.

**I. BACKGROUND**

Defendant (who now goes by the name Jacqueline Cook) took out a student loan in 1987 in the amount of $1,500.00 (at 8% interest per annum) to attend Ross Medical Center ("Ross"), which loan was evidenced by a "Guaranteed Student Loan Promissory Note" that Defendant admittedly signed (hereinafter, the "contract," a

copy of which was provided to the Court and Defendant at the August 3, 2017). Defendant attended Ross for approximately 3 days but did not continue her studies there. At some point after Defendant stopped attending Ross, Ross refunded a portion of the loan to the Government, in the amount of $667.50. In 1988, Defendant defaulted on the loan. A Clerk's Notice of Garnishment dated June 27, 2017 indicates that a balance of $2,931.35 remains outstanding.

## II.  PROCEDURAL HISTORY

The Government filed the present action on May 29, 2007. Defendant did not file an Answer. The Clerk entered a Judgement by Default on July 24, 2007. Defendant did not take any action on the Default. On September 19, 2007, the Government filed a Writ of Continuing Garnishment for the Michigan Department of Treasury and Sunrise to Sunset Realty Group, but no amounts were collected. In 2011, Defendant contacted the Government and claimed she never attended Ross. The Government denied her application for discharge in September 2011, and Defendant set up a payment plan of $65.00/month that month. A week later, Defendant advised the Government she would not make any payments because she did not attend Ross. In 2013, the Government referred her account to the Temporary Offset Program, the result of which was that $734.00 was collected (apparently, the only payment ever made on the account). Defendant contacted the Government and set up a payment

plan of $100.00/month but she never made a payment on that plan.

In April 2016, the Government issued a writ of continuing garnishment to Bank of America, N.A. In June 2017, the Government again issued a writ of continuing garnishment to Bank of America, N.A. Bank of America has advised the Government that Defendant has an account with a balance of $2,150.00 (which would cover about 70% of the outstanding balance). The Court understands that Bank of America has a hold on Defendant's account in the full amount due ($2,931.35). Defendant timely filed an objection to the garnishment, wherein she asserted that she only attended Ross for 3 days and should not have to repay the Government anything.

## III. ANALYSIS

At the August 3, 2017 hearing, Defendant made many statements with respect to the contract. Defendant claims that the contract she signed was void because it required that she have a high school diploma or GED. Defendant claims she found this information on the Internet but provides no support for her claim. Instead, she seems to ask the Court to verify this. The Court's review of the contract reveals that Defendant is mistaken, as nothing in that document mentions the need to have a high school diploma or a GED. Defendant also indicated that she thought she was getting a Pell Grant, but the documentation supplied to the Court demonstrates that the contract she executed was not a Pell Grant. The caption states "GUARANTEED

3

STUDENT LOAN PROMISSORY NOTE" and the document itself repeatedly uses the terms "loan amount" and "pay," "repay," or "repayment."

At the hearing, Defendant acknowledged that, although she attended Ross for only three days, she never attempted to withdraw from Ross and just stopped attending classes. The payment ledger Defendant submitted with her objection seems to support that representation, but it also reflects that Ross recognized that Defendant stopped going to class and refunded some of the monies to "F.A.S" in October 1987. The ledger shows that Defendant's original tuition balance was $2,880.00 but that amount was reduced by $1,402.50 (which appears to be the amount received from the lender (First American Savings), leaving Defendant with a balance of $1477.50. All of those entries are dated August 18, 1987, after Defendant had stopped attending classes but before Ross apparently knew that Defendant had dropped out. The next ledger entry, dated October 1, 1987, shows that Defendant received a credit of 75% of the $2,880.00 original tuition balance (which amounted to $2,145.00), as a result of dropping the class within the first 5 weeks. With the application of that $2,145.00 credit, Defendant had a remaining balance of negative $667.50, which amount was "Refunded[ed] to F.A.S. [First American Savings]" on or about October 15, 1987, leaving a balance that served as the basis for the Government's filing the instant case.

The Court "may issue a writ of garnishment against property (including

nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "The judgment debtor bears the burden of proving that [s]he is entitled to the exemption." *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir.1996) (citing 28 U.S.C. § 3014(b)). A person subject to garnishment by the Government may claim an exemption for such reasons as: (1) if the loan has already been repaid or forgiven; (2) the person was involuntarily terminated from her last job and has held her current job for less than 12 months; (3) the person is currently making payments under a repayment agreement; (4) the person has filed for bankruptcy; or (5) the person otherwise qualifies for forgiveness, cancellation, or discharge of the loan for any recognized reason (such as the school closing before she could finish her program, public service forgiveness, or total and permanent disability).

Defendant does not express an objection to the garnishment or claim that she is entitled to an exemption. Rather, Defendant desires an order setting aside the default judgment against her. Pursuant to Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause" or under Rule 60(b). In determining whether to set aside the default, the Court must consider (1) whether plaintiff will be prejudiced, (2) whether defendant has a meritorious defense, and (3)

5

whether defendant's culpable conduct led to the default. *United States v. Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).

> [W]hile it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted .

*Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

In this case, Defendant is not entitled to an order setting aside the default judgment. She makes no specific objections to the garnishment that demonstrate good cause. She has not indicated why she did not respond to the Complaint or Entry of Default. It appears that Defendant was negligent in defending this action, which does not constitute cause for setting aside a default judgment. Significantly, even when the Court inquired at the hearing why Defendant had failed to defend this action, Defendant did not offer any permissible reason for her failure.

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside the Default Judgment

and objection to the continuing garnishment is DENIED.

                                <u>S/Denise Page Hood</u>
                                Denise Page Hood
                                Chief Judge, United States District Court

Dated: August 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2017, by electronic and/or ordinary mail.

                                <u>S/LaShawn R. Saulsberry</u>
                                Case Manager